UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES E. MERRILL, D.O.,

        Plaintiff,

  v.                                              Case No. 07-C-938

AGNESIAN HEALTHCARE, INC.,

        Defendant.

**ORDER**

Defendant Agnesian Healthcare, Inc. ("Agnesian") has filed a motion to dismiss plaintiff James E. Merrill's ("Dr. Merrill") complaint for failure to state a claim on which relief may be granted. The complaint alleges a violation of Wis. Stat. § 50.36(3)(a), and properly asserts federal jurisdiction under 28 U.S.C. § 1332. Specifically, Dr. Merrill, a citizen of the State of Michigan, claims that Agnesian, a Wisconsin corporation located in Wisconsin, denied his application for hospital privileges at St. Agnes Hospital, a member of Agnesian, on the grounds that the residency program he completed was osteopathic based. Agnesian, however, asserts that Dr. Merrill's complaint should be dismissed, claiming that he was never actually denied privileges, and no relief is available under Wisconsin law for the mere delay in obtaining privileges which he experienced. For the reasons stated herein, Agnesian's motion to dismiss will be denied.

**Rule 12(b)(6) Motion To Dismiss Standard**

The purpose of a motion to dismiss is to test the sufficiency of the complaint to state a claim upon which relief may be granted, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990); *See* Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations and draw all inferences in the light most favorable to the nonmoving party. *Guitierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997); *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991). When extrinsic evidence outside the pleadings is submitted with a motion to dismiss under Rule 12(b)(6), the court generally must either convert the motion into one for summary judgment under Fed. R. Civ. P. 56, or exclude the documents attached to the motion to dismiss and continue under Rule 12(b)(6). *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

**Allegations of the Complaint**

According to the complaint, in 2007, Dr. Merrill had a well-established and respected medical practice in Michigan, but desired to relocate and practice in Fond du Lac, Wisconsin. (Compl. ¶ 5.) He was recruited by and accepted a contract of employment with Aurora Medical Group, which was conditional upon his obtaining hospital privileges at St. Agnes Hospital in Fond du lac, Wisconsin. (*Id*. ¶ 6.) Dr. Merrill alleges that he "made a full and complete application" to the hospital for privileges, but the hospital's credentials committee denied his application on the grounds that he "had completed his residency training in obstetrics and gynecology at an osteopathic

based residency program."[1] (*Id.* ¶ 7.) He also claims that Agnesian refused to grant him privileges on a timely basis, despite intervention on his behalf by the American Osteopathic Association, which urged the hospital to recognize his osteopathic training and "experience as an obstetrician/gynecologist without serious infraction or incident for many years." (Compl. ¶ 8.) Because Agnesian "declined and refused to proceed forward with Dr. Merrill's application," Aurora Medical Group rescinded its contract with him, causing Dr. Merrill to suffer pecuniary losses and damages in excess of $75,000. (*Id.* ¶ 10.) Dr. Merrill claims that Agnesian's conduct violated Wis. Stat. § 50.36(3)(a), as it "denied hospital staff privileges solely for the reason that he is an osteopathic physician."[2] (*Id.* ¶ 11.)

**Analysis**

In support of its motion, Agnesian asserts that "[t]he facts as stated in the complaint are inaccurate." (Mot. To Dismiss at 2.) Agnesian has submitted an affidavit of James Mugan, the

---

[1] According to Dr. Merrill, the hospital's regulations regarding obstetric and gynecology privileges were "consistent with the requirements for board certification by the American Board of Obstetrics and Gynecology (ABOG)", which certifies medical doctors, but he had obtained separate certification from a different professional board, the American Osteopathic Board of Obstetrics and Gynecology (AOBOG). (Br. Opp. Mot. Dismiss 2.)

[2] Wis. Stat. 50.36(3)(a) provides
Any person licensed to practice medicine and surgery under subch. II of ch. 448 or podiatry under subch. IV of ch. 448 shall be afforded an equal opportunity to obtain hospital staff privileges and may not be denied hospital staff privileges solely for the reason that the person is an osteopathic physician and surgeon or a podiatrist. Each individual hospital shall retain the right to determine whether the applicant's training, experience and demonstrated competence is sufficient to justify the granting of hospital staff privileges or is sufficient to justify the granting of limited hospital staff privileges.

3

Vice President of Agnesian, stating that Dr. Merrill was never denied privileges (Mugan Aff. Nov. 30, 2007), and copies of two letters sent to Dr. Merrill by Agnesian regarding his application for privileges. Agnesian claims dismissal is appropriate for two reasons. First, it asserts that contrary to the allegations of the complaint, Dr. Merrill was never denied hospital privileges by Agnesian. (Br. Supp. 2.) According to Agnesian, Dr. Merrill's original application was merely deemed incomplete, and he was later granted privileges on October 11, 2007. (Br. Supp. 2.) Second, Agnesian claims that the complaint, by its allegation that Agnesian "refused to grant Dr. Merrill privileges on a timely basis," fails to state a claim, because "there is no provision in the laws of the State of Wisconsin which dictates 'timely' granting of privileges." (Br. Supp. 2.)

As a preliminary matter, the court must address Agnesian's presentation of extrinsic evidence in support of its motion. Under Fed. R. Civ. P. 12(d), the court has two options when a party presents matters outside of the pleading on a Rule 12(b)(6) motion. I may exclude consideration of the matters outside the pleadings and proceed to analyze the motion under the Rule 12(b)(6) standard, or convert the motion to one for summary judgment.[3] Although expedient adjudication of disputes is desirable in all cases, I conclude that to proceed to address this as a summary judgment motion would be overly hasty under these circumstances. Dr. Merrill vigorously disputes Agnesian's contention that his application was not denied and asserts that the letter Agnesian submitted in support of its contention came at the end of the process rather than the beginning. He contends that it was preceded by two other letters and other events that support his

---

[3] Fed. R. Civ. P. 12(d) provides:
If, on a motion under Rule 12(b)(6) . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

4

allegation that his application for privileges was denied. Even the letter it did submit, Dr. Merrill contends, actually supports his claim since it represents a veiled attempt to coerce him to withdraw his application voluntarily rather than risk the professional embarrassment of being denied on the merits.

I conclude that the more prudent course in this case is to deny Agnesian's motion to dismiss and permit the parties to more fully develop the record before attempting to resolve the factual issue Agnesian has raised. Dr. Merrill's response suggests that he has additional evidence supporting his allegation that his application was denied and that discovery may reveal more. Under these circumstances, a motion for summary judgment is premature. Both sides may have additional arguments on the issues raised in the present motion, or additional issues which have not yet been raised. Such issues are more properly addressed in a considered brief on summary judgment, where the parties have a full and fair opportunity to address the issues and provide factual support, rather than during an assessment of whether Dr. Merrill has stated a claim in his complaint. At this stage in the proceedings, Dr. Merrill having opposed converting the motion to a summary judgment motion, (Br. Opp. 4) I will not consider evidence of matters outside the pleadings. If Agnesian desires to move for summary judgment, then it should do so in accordance with the Federal and Local Rules.

For the time being, the only question before me is whether the plaintiff has stated a claim for which relief may be granted. Assuming the well-pleaded allegations of the complaint to be true, as I must, I conclude that Dr. Merrill has done so. The complaint clearly alleges that Dr. Merrill was "denied hospital staff privileges solely for the reason that he is an osteopathic physician." (Compl. ¶ 11.) This is sufficient to state a claim for violation of Wis. Stat. 50.36(3)(a). That the complaint

5

also alleges the hospital "refused to grant Dr. Merrill privileges on a timely basis" is not inconsistent with such a claim. I am unable to say as a matter of law that Dr. Merrill is not entitled to the relief he seeks.[4] Accordingly, Agnesian's motion to dismiss is denied. Agnesian shall file an answer to the complaint within the next twenty days, and the Clerk is directed to set this matter for a telephone scheduling conference promptly thereafter.

**SO ORDERED** this   8th   day of February, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[4] Wis. Stat. 50.39(6) provides,
In addition to any other remedies provided by law, any person suffering a pecuniary loss because of a violation of s. 50.36(3)(a) may bring a civil action in any court of competent jurisdiction to recover the amount of the pecuniary loss, together with costs and disbursements, including reasonable attorney fees.